UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CR-20054-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA

v.

JOHN HOLLAND,

    Defendant.

_____/

*OMNIBUS* REPORT AND RECOMMENDATIONS ON MOTIONS TO STAY (OR TO EXTEND THE PRETRIAL MOTION FILING DEADLINE) AND TO CONTINUE THE TRIAL DATE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

    A federal grand jury indicted Defendant John Holland ("Holland") on four counts relating to a criminal fraud scheme of more than $400 million at Tenet Healthcare Corporation ("Tenet"), where he was the senior vice president of operations. The Undersigned recently entered an Order [ECF No. 36] denying Holland's motion to transfer the case to the Northern District of Georgia under Federal Rule of Criminal Procedure 21(b). United States District Judge Jose E. Martinez referred to me two other motions filed by Holland: (1) his motion to stay the proceedings until the Court decided the venue-transfer motion (or to extend the deadline for filing pretrial motions) and (2) his motion to designate the case as complex, continue the trial date and exclude the time under the Speedy Trial Act. [ECF Nos. 22; 27; 29].

1

The United States filed a consolidated response opposing both motions, though it advised that it would not oppose a trial continuance of 30 to 60 days and a deadline of 14 days from entry of a Court Order to file pretrial motions (other than motions in limine) and Holland filed a consolidated reply to both motions. [ECF Nos. 33; 34].

For reasons outlined in more detail below, the Undersigned respectfully recommends that the Court continue the trial for at least 90 days beyond the current April 3, 2017 trial date and provide Holland with 45 days (from the date of this Report) to file motions.

Pursuant to Local Rule 88.9(c), his deadline to file motions is March 1, 2017 (28 days from the date of arraignment -- February 1, 2017). [ECF No. 10]. The motion-filing deadline has expired, but Holland filed a motion seeking additional time on February 24, 2017, before the deadline expired.

Because the Undersigned does not control Judge Martinez's calendar, I cannot pick a new trial date. Instead, all I can do is recommend that a continuance of some duration (e.g., 90 days) be provided and leave it to Judge Martinez to pinpoint the new trial date (assuming that Judge Martinez adopts my Report and Recommendations).

**Factual Background**

Holland's primary argument in favor of a trial continuance and an extension of the motion-filing deadline is the volume of materials which the Government recently produced. Not only is the production voluminous, Holland says, but it was allegedly

2

produced in a disorganized manner. He argues that he would be deprived of a fair trial if his counsel were required to review all the evidence against him in this complex case by the current trial date.

The Government contends that Holland is well-positioned to go to trial under the current schedule because (1) he has known about the case for years; (2) he has received 413,000 documents from Tenet during the four-year investigation; and (3) the Government provided him with "prompt, comprehensive, and unprecedented discovery within 14 days of arraignment." [ECF No. 33, p. 8]. The Government also objects to Holland's requests because it says he is seeking an indeterminate continuance.

According to Holland's reply, the United States' four-year investigation involved 450 witness interviews, the testimony of approximately 60 grand jury witnesses, the production of 2 million documents totaling more than 7 million pages and more than 600 boxes of hard copy documents. He argues that the Government's production cannot be equated to his review of the 413,000 documents previously received from Tenet. He says there are more than 1.3 million new, unreviewed documents in the Government's productions, amounting to more than 4 million unreviewed pages.

Moreover, setting aside the production of actual documents, Holland points to the recent availability of more than 550 grand jury transcripts and interview summaries

3

which have been made available to the defense for in-person inspection in Washington, D.C.

As outlined in Holland's reply, the defense team has already devoted a significant amount of time to document review but needs considerably more time. For example, Holland advises that a team from his e-discovery vendor spent between 90 to 100 hours in a 2-week interval preparing documents for review by a team of 50 contract attorneys. In addition to the burdens associated solely from the volume of materials, Holland contends that the Government's production logs "are not detailed and do not provide clear, specific descriptions of what is contained in the litany of different files listed." [ECF No. 34, p. 5].

<u>Analysis</u>

The Undersigned need not specify the precise number of boxes of documents which were recently produced but which were not earlier available to Holland in order to make a recommendation here. The documentation is voluminous. Regardless of whether the case involves 600 boxes, 500 boxes or a mere 400 boxes of documents, the case is undoubtedly complex and involves a substantial amount of discovery, both written and in electronic format.

The Speedy Trial Act expressly provides that a court may exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. *See generally* 18 U.S.C. § 3161. One such statutory period of exclusion is "[a]ny

4

period of delay resulting from a continuance granted by any judge . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

When ruling on such an "ends-of-justice" request for continuance, the Court considers "whether: (1) a failure to grant a continuance would make the continuance of the proceeding impossible or result in a miscarriage of justice; (2) the case is so unusual or complex that it is unreasonable to expect adequate preparation within the 70–day period;[1] and (3) the failure to grant a continuance would deny the defendant or the government the reasonable time necessary for effective trial preparation." *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (citing 18 U.S.C. § 3161(h)(7)(B)). Findings that serve as a basis for such a continuance must be set forth in the record, either orally or in writing, by the Court. 18 U.S.C. § 3161(h)(7)(A).

The indictment here alleges a 13-year, multi-million dollar scheme which triggered multi-year investigations, a parallel civil lawsuit, hundreds of potential witnesses and a massive amount of discovery. Under these circumstances, the Undersigned agrees with Holland's view that it would be unreasonable to expect his

---

[1] The Speedy Trial Act generally provides, with certain critical exceptions, that the defendant's trial shall begin within 70 days of indictment or appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1).

counsel to be fully prepared for trial by the 70-day limit established by the Speedy Trial Act.

Likewise, I also agree that the case should be deemed complex and that any time between an order approving this Recommendation (i.e., continuing the trial and the motion-filing deadlines) be excluded under the Speedy Trial Act. *Vernon*, 593 F. App'x at 886 (noting that court may also consider "whether defense counsel has had adequate time to prepare"). *See also United States v. Hatfield*, 466 F. App'x 775, 777 (11th Cir. 2012) (defense counsel's ends-of-justice continuance was validly excluded from Speedy Trial Act calculations and noting that a trial judge has "broad discretion" when evaluating whether to apply Speedy Trial Act exclusions); *United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir. 1997) (noting that any delay is excludable once the trial court makes the required findings).

## Conclusion

The Undersigned **respectfully recommends** that Judge Martinez:

1. **deny** the motion for a stay as moot (given the recent order denying the motion to transfer the case to the Northern District of Georgia);

2. **grant** the motion for a trial continuance and continue the trial for at least 90 days past the current trial date;

3. **deem** the case as complex and find that the additional time should be excluded under the Speedy Trial Act pursuant to an "ends of justice" finding;

6

      4.      **give** Holland an additional 45 days from the date a new trial scheduling order is entered to file motions (other than motions in limine).

**<u>Objections</u>**

The parties shall have three (3) calendar days from the date of this Report to file written objections, if any, with Judge Martinez. Each party may file a response to the other party's objection within three (3) calendar days from the date of the objection.[2] Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 23, 2017.

 

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to:</u>**
The Honorable Jose E. Martinez
All counsel of record

---

[2]    The Objection and Response deadlines have been shortened as the motions are fully briefed and the current trial schedule is approaching.

7