IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN HOLLAND and WILLIAM MOORE,[1]<br><br>Defendants. | CRIMINAL ACTION NO.<br><br>1:17-CR-00234-AT-CMS |

## **SECOND REPORT AND RECOMMENDATION**

Defendant William Moore's Motion to Sever Defendant Edmundo Cota [Doc. 262], which has been adopted by Defendant John Holland [Doc. 263], is presently before the Court.

### I.  BACKGROUND

Defendants Holland, Moore, and Cota (collectively, "Defendants") are charged in a thirteen-count second superseding indictment ("Indictment") alleging that they took part in an illegal kickback scheme involving bribes for patient referrals. [Doc. 121]. The Government alleges that in exchange for bribes, Cota's health clinic ("Clinica") funneled pregnant patients in need of childbirth services to

---

[1] Defendant Edmundo Cota did not adopt these motions or file any brief regarding the arguments contained therein.

hospitals run by Holland and Moore. [Id.]. Defendants allegedly accomplished this scheme by entering into sham contracts that disguised the kickbacks as payments for various services provided by Clinica to the hospitals. The specific charges are as follows:

> Count One (against all Defendants): conspiracy to defraud the United States and pay and receive bribes in connection with a federal health care program. [Doc. 121, Indictment, ¶¶ 40-64].
>
> Counts Two through Four (against Holland and Cota only): payment and receipt of bribes in connection with a federal health care program. [Id. ¶¶ 65-66].
>
> Counts Five through Seven (against Holland and Cota only): wire fraud. [Id. ¶¶ 67-72].
>
> Counts Eight and Nine (against Holland and Moore only): wire fraud. [Id.].
>
> Counts Ten and Eleven (against Holland and Moore only): falsification of books and records. [Id. ¶¶ 73-74].
>
> Counts Twelve and Thirteen (against Holland and Moore only): major fraud against the United States. [Id. ¶¶ 75-79].

In their motion to sever, Holland and Moore argue that their cases should be severed from Mr. Cota's case for three independent reasons. First, they contend that there is a Bruton problem, i.e., that the Government may seek to introduce certain incriminating extrajudicial statements made by Cota, and that if Cota does not testify, they would be deprived of the opportunity to cross examine him regarding

2

such statements. [Doc. 262 at 5-8]. Second, they argue that separate trials are necessary because their defenses are mutually exclusive and irreconcilable with those of Cota. [Id. at 9]. Third, they argue that Cota's presence at their trial would result in "prejudicial spillover and inevitable jury confusion" because much of the evidence that the Government will try to introduce as to Cota pertains to acts that Cota performed independently and is irrelevant as to the charges against them. [Id. at 10-11; Doc. 263 at 2]. For the reasons discussed below, I find each of these arguments unavailing.

## II.   DISCUSSION

Moore and Holland bring their motion pursuant to Federal Rule of Criminal Procedure 14(a), which permits a district court to hold separate trials of defendants charged in the same indictment if it appears that a joint trial would prejudice a defendant. See Fed. R. Crim. P. 14(a). The Eleventh Circuit has provided the following guidance regarding when motions to sever under Rule 14(a) should be granted:

> A motion requesting severance of either offenses or parties under [Rule] 14 is a matter for the sound discretion of the trial judge. The general rule is that defendants who are jointly indicted should be tried together, and this rule applies with particular force to conspiracy cases. When assessing the merits of a severance motion, the trial court must balance the possibility of prejudice to the defendant against the public interest in judicial efficiency and economy, and severance will be granted only if a defendant can demonstrate that a joint trial will result

> in specific and compelling prejudice to the conduct of his defense. It is not enough for the defendant to show that acquittal would have been more likely had the defendant been tried separately, since some degree of bias is inherent in a joint trial.

United States v. Walker, 720 F.2d 1527, 1533 (11th Cir. 1983) (internal citations and quotations omitted). The Supreme Court has acknowledged that while there is some risk of prejudice inherent in all joint trials, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993). It is the defendant's burden to show that a joint trial will cause specific and compelling prejudice. See United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997).

### A. Cota's Out-of-Court Statements (Bruton)

Relying on Bruton v. United States, 391 U.S. 123 (1968), Moore and Holland first argue that a joint trial with Cota would deprive them of their Sixth Amendment right to confront witness testimony. [Doc. 262 at 5-8]. In Bruton, the district court held a joint trial of William Bruton and his co-defendant, Evans, for armed postal robbery. At that trial, a postal inspector testified that Evans had orally confessed to him that Evans and Bruton had committed the crime. Evans did not testify at the trial, and Bruton therefore was not able to cross-examine him regarding the confession. Both were convicted. The Eighth Circuit affirmed Bruton's conviction, but the United States Supreme Court reversed, holding that the admission of Evans's

confession, which implicated Bruton, at their joint trial constituted prejudicial error. This was true even though the district court had given a clear, concise, and understandable instruction that the confession could only be used only against Evans and must be disregarded with respect to Bruton.  The Supreme Court held that the limiting instruction to the jury was insufficient to address the grave encroachment on Bruton's Sixth Amendment right to directly confront adverse witnesses against him.  Id. at 126.

The Supreme Court later clarified that severance is not required where the defendant is not directly implicated by his or her co-defendant's out-of-court statements.  In Richardson v. Marsh, 481 U.S. 200, 208 (1987), Clarissa Marsh was charged in Michigan state court with murder, robbery, and assault.  She was later tried jointly, over her objection, with one of her co-defendants, Benjamin Williams. At their joint trial, the trial court admitted into evidence Williams's confession.  The confession had been redacted to omit all references to Marsh and to remove any indication that anyone other than Williams and a third accomplice participated in the crime.  At the time the confession was admitted, the district court admonished the jury not to use the confession in any way against Marsh.  Marsh was convicted of felony murder and assault to commit murder, and the Michigan Court of Appeals affirmed.  She then filed a petition for a writ of habeas corpus in federal court

pursuant to 28 U.S.C. § 2254 alleging that the introduction of Williams's confession at their joint trial had violated her rights under the Confrontation Clause. The district court denied the habeas corpus petition, but the United States Court of Appeals for the Sixth Circuit reversed, holding that Marsh was entitled to a new trial under Bruton. The Supreme Court then reversed the Sixth Circuit, stating:

> There is an important distinction between this case and Bruton, which causes it to fall outside the narrow exception we have created. In Bruton, the codefendant's confession expressly implicated the defendant as his accomplice. Thus, at the time that confession was introduced there was not the slightest doubt that it would prove powerfully incriminating. By contrast, in this case the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial (the defendant's own testimony).

Marsh, 481 U.S. at 208 (internal citations and quotations omitted).

Here, Holland and Moore have failed to make a showing that Bruton requires severance.[2] In their motion, Holland and Moore have not identified any statement Cota may have made that even mentioned—much less directly implicated—either of them in the crimes charged. Rather, the motion refers generally to statements Cota allegedly made discussing the relationship between Clinica and Tenet hospitals

---

[2] Moore and Holland also complain that the Government may try to introduce hearsay evidence of Cota's statements at trial. Such objections may be raised in motions in limine at or near the time of trial and are not addressed in this Report and Recommendation.

and statements he made to Clinica patients telling them that they must deliver their babies at Tenet hospitals. [Doc. 262 at 7, 8]. The Supreme Court's holding in Marsh makes clear that Cota's allegedly self-incriminating statements do not require separate trials for Moore and Holland because the statements do not mention Moore or Holland. See United States v. Taylor, 186 F.3d 1332, 1336 (11th Cir. 1999) (finding no abuse of discretion in denying Taylor's motion for a severance due to a co-defendant's inculpatory statement that had been redacted to remove Taylor's name but still referred to other participants in the crime; the statement did not compel the jury to conclude that Taylor was part of the conspiracy because it did not directly incriminate Taylor). Like the confession in Marsh, the statements about which Moore and Holland complain would have to be linked to other evidence at trial before those statements would inculpate them. As such, Bruton does not require separate trials, and the motion to sever should be denied on this basis. See United States v. Arias, 984 F.2d 1139, 1142 (11th Cir. 1993) (affirming conviction where the challenged statements were not incriminating on their face but rather became so only when linked with other evidence at trial and noting that the Confrontation Clause does not bar the admission into evidence of every relevant extrajudicial statement of a co-defendant simply because it in some way incriminates the defendant).

### B. Antagonistic Defenses

Moore and Holland next argue, in a purely conclusory fashion, that the Court should order a severance because their defenses are antagonistic to those of Cota. [Doc. 262 at 9]. The United States Supreme Court has recognized that in certain, rare circumstances, "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial as to mandate severance. See Zafiro v. United States, 506 U.S. 534, 538 (1993). There is no bright-line rule, however, mandating severance whenever co-defendants have conflicting defenses. Id. Courts should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

In their motion, Moore and Holland argue that their defenses are antagonistic toward, and are irreconcilable with, Cota's defenses because they are charged with different offenses from Cota, and because their roles as CEOs of the hospitals were very different from Cota's role as the director of Clinica. In making these arguments, Moore and Holland fall woefully below the standard for severance, failing to even identify any particular defense that Cota might raise, much less a defense that might be antagonistic to, or irreconcilable with, their defenses. Moreover, because all three Defendants are charged with being part of a conspiracy to pay and receive illegal

8

bribes in connection with a federal health care program, it is highly unlikely that Cota would proclaim his innocence, while simultaneously condemning the actions of Moore and Holland. [Doc. 303 at 27]. Not only have Moore and Holland failed to identify any antagonistic defenses, they also have failed to demonstrate that a joint trial will result in any specific and compelling prejudice to their cases. Accordingly, Moore and Holland are not entitled to a severance on this basis. See United States v. Mayfield, No. 2:16-CR-009-RWS-JCF, 2018 WL 2189761, at *4 (N.D. Ga. Mar. 28, 2018) (denying a motion to sever where the defendant only made a conclusory assertion that there was a probability that his codefendant might raise an antagonistic defense).

### C. Spillover and Cross-Contamination of Evidence and Issues

Finally, Moore and Holland argue (again in a conclusory fashion) that the Court should sever their trial from that of Cota because a jury will not be able to compartmentalize evidence relevant to each defendant. [Doc. 262 at 10-11]. They contend that some of the evidence presented against Cota will be different than some of the evidence presented against them. Moore and Holland, however, do not point to any particular piece of evidence that may be presented against Cota that they contend would unfairly prejudice them. They argue generally that this case is too complex for a jury to discern the distinctions between the offenses with which Cota

is charged and those with which they are charged.[3]  Such general assertions of prejudice and possible spillover are insufficient to merit severing their trial from that of Cota.  See United States v. Carranza, No. 1:05-cr-197-4-TWT, 2007 WL 2422033, at *2 (N.D. Ga. Aug. 21, 2007) ("Suffice it to say that conclusory allegations of prejudicial spillover are insufficient to sustain a basis for severance.").

Despite the massive amount of discovery that has been produced and the numerous pretrial motions that have been filed, this case remains a three-defendant case based on a straightforward fraud scheme.  Moore and Holland have provided the Court with no specific examples of evidence or legal theories that might make this case too complicated for a jury to understand, other than to simply state that the charges in Counts Ten and Eleven (falsification of books and records) are "more sophisticated" than the "straightforward pay-for-patient claims."  [Doc. 312 at 7]. And, even if they had made a showing of a risk of prejudicial spillover evidence, Moore and Holland have not shown that a limiting instruction would not solve the

---

[3] Moore also makes much of the fact that he was not charged in Counts Two through Four with any substantive violation of the Anti-Kickback Statute and that the jury could be confused by the evidence supporting those counts.  This argument is flawed because both Cota and Holland are charged in Counts Two through Four. Thus, even if Moore's trial were severed from that of Cota, Moore's jury would still hear evidence about the crimes charged in Counts Two through Four because Holland is also charged in those counts.  Moore has moved to sever his trial only from that of Cota; he has not moved to sever his trial from that of Holland.

problem, nor have they overcome the strong presumption that jurors are able to compartmentalize evidence and respect limiting instructions. Accordingly, their motion for severance should be denied on this basis.

### III.  CONCLUSION

For the reasons stated, I **RECOMMEND** that the two motions to sever [Docs. 262 and 263] be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 9th day of July, 2018.

_____
Catherine M. Salinas
United States Magistrate Judge