IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. |
| JOHN HOLLAND, | 1:17-CR-00234-AT-CMS |
| Defendant. | |

## FOURTH REPORT AND RECOMMENDATION

This case is before the Court on Defendant John Holland's motion to dismiss based on improper venue. [Doc. 188].

## I.    BACKGROUND

In Count Ten of the second superseding indictment ("Indictment"), the Government charges Defendant John Holland with falsification of books and records in violation of 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5), 78ff(a), and 18 U.S.C. § 2 based on the filing of an "Annual Certification with Respect to Accounting Practices, Financial Statements, and Reserves" on January 16, 2012. [Doc. 121 ¶¶ 73-74].  The Indictment specifies that the venue for this charge is "N.D. Texas."  [Id. ¶ 74].  Holland has filed a motion to dismiss Count Ten for lack of venue, arguing that all of the allegedly unlawful conduct described in relation to Count Ten occurred entirely within the Northern District of Texas, and

therefore venue lies in that district.   [Doc. 188].   In its response brief, the Government agrees that dismissal is warranted, noting that "there is no dispute that venue does not lie in the Northern District of Georgia for Count Ten of the [Indictment]."   [Doc. 278 at 7].   Thus, the Government concedes that this motion should be granted.

Given the parties' agreement that Count Ten should be dismissed, the only issue remaining is whether the charge should be dismissed with prejudice or without prejudice.   Holland argues that the count should be dismissed with prejudice because (1) the Government violated his Constitutional rights and acted in bad faith when it sought and obtained an indictment from a federal grand jury in the Northern District of Georgia for a crime that the Government alleged to have occurred in the Northern District of Texas; and (2) the statute of limitations on Count Ten has expired.   [Doc. 291].   The Government has filed a sur-reply brief refuting these arguments and arguing for dismissal without prejudice.   [Doc. 304].

## II.   ANALYSIS

### A.   Alleged Constitutional Violation and Bad Faith

Although Holland is correct that the Constitution guarantees the right of a criminal defendant to be *tried* in the state or district where the crime is alleged to

have been committed,[1] there is no corresponding right not to be **_indicted_** in such a district.  The Constitution does not expressly forbid a grand jury from charging a crime outside its territorial jurisdiction, and I am aware of no case holding that a defendant has the Constitutional right not to be charged except by a grand jury in the district where the alleged crime occurred.  See United States v. Flotron, No. 3:17-cr-220 (JAM), 2018 WL 1951117, at *4 (D. Conn. Apr. 25, 2018).  In the absence of law to support this Constitutional argument, I find it without merit.

Holland makes a number of other arguments, all of which center on his contention that the Government has acted in bad faith by presenting Count Ten to a grand jury in the Northern District of Georgia without first obtaining his consent to waive his venue rights.[2]  None of the law he cites, however, would authorize a

---

[1]   Article III of the United States Constitution provides: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . ."  U.S. Const. Art. III § 2, cl. 3.  And, the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ."  U.S. Const. Am. 6.  The Federal Rules of Criminal Procedure preserve this substantial Constitutional right by providing that "(e)xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."  Fed. R. Crim. P. 18.

[2]   Holland does not dispute that if he had agreed to waive his venue rights, the Government could have prosecuted him for the charge alleged in Count Ten in this district.  Rather, he complains only that he never agreed to such a waiver.

dismissal with prejudice where, as here, the charge is dismissed pre-trial based on a venue defect that is clear from the face of the indictment.

Holland first cites United States v. Dyal, 868 F.2d 424 (11th Cir. 1989) and United States v. Pub. Warehouse Co. K.S.C., No. 1:09-cr-490-TWT-AJB, 2010 WL 6397552 (N.D. Ga. Oct. 5, 2010). Those cases are inapplicable because they address the analysis that courts must undertake when the Government moves to dismiss a charge pursuant to Federal Rule of Criminal Procedure 48(a). Neither of those cases involves a defendant's motion to dismiss based on improper venue, much less an unopposed motion based on a venue problem that is evident from the face of the indictment. The framework that those cases employ simply is not applicable here.

The other cases Holland cites are similarly distinguishable. He cites the United States Supreme Court decision in United States v. Taylor, 487 U.S. 326 (1988) for the proposition that dismissal with prejudice may be warranted where there is a "pattern of neglect." [Doc. 291 at 3]. Taylor, however, addressed the standards applicable to dismissals pursuant to the Speedy Trial Act. Holland cites the Eleventh Circuit opinion in United States v. White, 590 F.3d 1210 (11th Cir. 2009) and the Fifth Circuit opinion in United States v. Stratton, 649 F.2d 1066 (5th Cir. 1981) regarding how to determine whether a defendant waives his Sixth

Amendment right to be *tried* in the district in which the offense was committed. Here, however, the issue is not whether Count Ten should be tried in Georgia or whether Holland has waived his venue rights.   On the contrary, Holland has expressly asserted his Sixth Amendment right to be tried for the offense asserted in Count Ten of the Indictment in the Northern District of Texas, and the Government does not oppose dismissal on this basis.  Nothing in those cases would authorize dismissal with prejudice under the circumstances presented here.  Finally, Holland cites a district court decision from Alabama in United States v. Wright, No. 11-262-WS, 2012 WL 1231881 (S.D. Ala. Apr. 12, 2012), but that case is irrelevant because it addresses the options available to a trial court where counts in an indictment are duplicitous.

In the absence of binding legal authority prohibiting the United States from charging Count Ten as part of a multi-count indictment where all the other counts are properly venued in the Northern District of Georgia, I cannot find bad faith based on the Government's decision to charge all the offenses together.  This is especially true where, as here, it was plain from the face of the Indictment that venue for Count Ten lies in the Northern District of Texas.  The remedy that Holland seeks—dismissal with prejudice—would far exceed any harm to Holland from having Count Ten leveled against him, and thereafter dismissed, here in

Georgia.  An order dismissing Count Ten without prejudice will adequately redress any harm that Holland may have suffered from the Government's decision to charge that crime in this district without first determining whether Holland would agree to waive his venue rights.  See Flotron, 2018 WL 1951117, at *4.

**B.      Statute of Limitations**

Alternatively, Holland argues that dismissal with prejudice is appropriate because the six-year statute of limitations applicable to the crime charged in Count Ten has already expired.  [Doc. 291 at 10-13].  The Government does not dispute that more than six years have passed since January 16, 2012, the date Holland allegedly committed the crime, as alleged in Paragraph 74 of the Indictment. Instead, the Government takes the position that Count Ten may be properly re-indicted after this Court dismisses it, without regard to the statute of limitations, pursuant to 18 U.S.C. § 3288.  [Doc. 304 at 8-9].  That statute provides, in relevant part:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information . . . which new indictment shall not be barred by any statute of limitations.

18 U.S.C. § 3288.

Having reviewed 18 U.S.C. § 3288 and the parties' briefs on this issue, I conclude that Holland's statute of limitations defense is not a reason to make the dismissal with prejudice.  If the Government elects to re-indict that offense in Texas, Holland may assert any defenses he may have—including statute of limitations—in that court.

### III.   <u>CONCLUSION</u>

For the reasons stated, I **RECOMMEND** that Holland's motion to dismiss Count Ten for improper of venue [Doc. 188] be **GRANTED AS UNOPPOSED** and that Count Ten be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 6th day of August, 2018.

Catherine M. Salinas
United States Magistrate Judge

7